COURT OF APPEALS
DECISION
DATED AND FILED

July 29, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2026AP642-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2024CT1734

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

PLAINTIFF-APPELLANT,

V.

JORGE LUIS PEREZ-ALDAPE,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Waukesha County: MICHAEL J. APRAHAMIAN, Judge. *Affirmed*.

¶1 LAZAR, J.[1] The State appeals from a circuit court order granting Jorge Luis Perez-Aldape's motion to suppress a blood test. For the following reasons, this court affirms.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

## BACKGROUND

¶2 In April 2024, law enforcement was dispatched to a report of a crash between a motorcycle and motor vehicle. Perez-Aldape was operating the motorcycle with a passenger when he went through an intersection and struck the driver's side of a vehicle attempting to make a left turn. The motor vehicle driver was cited for failure to yield right of way. Perez-Aldape suffered serious injuries as a result of the accident, and his passenger was also injured. At the time of the accident, Perez-Aldape's operating privileges had been revoked.

¶3 Prior to an ambulance taking him to the hospital, Perez-Aldape admitted to having a drink prior to driving. The officer did not detect any odor of alcohol. The officer determined that Perez-Aldape's driver's license was revoked due to an OWI offense and that he had a prohibited alcohol concentration (PAC) of .02. The officer cited Perez-Aldape for operating while revoked, causing great bodily harm.

¶4 While the officer testified that he did not place Perez-Aldape in handcuffs or under arrest because of the injuries to his wrists and because he did not yet have probable cause, the officer filled out an arrest docket. The officer testified that the arrest docket did not mean that Perez-Aldape was under arrest.

¶5 While Perez-Aldape was being treated for his injuries, the officer requested a sample of his blood. Prior to making the request, the officer did not read Perez-Aldape the informing-the-accused language, under WIS. STAT. § 343.305(4). The officer testified that upon request, Perez-Aldape agreed to the blood draw. The officer asked again in front of a nurse, and Perez-Aldape agreed, again.

¶6      The officer testified that he did not believe that he had probable cause to request a blood draw and that he relied upon Wisconsin's implied consent law, WIS. STAT. § 343.305(3)(ar)2.,[2] as the basis for requesting the blood sample. That statute stated in relevant part:

> If a person is the operator of a vehicle that is involved in an accident that causes the death of or great bodily harm to any person and the law enforcement officer has reason to believe that the person violated any state or local traffic law, the officer may request the operator to provide one or more samples of his or her breath, blood, or urine …. If a person refuses to take a test under this subdivision, he or she may be arrested under [§ 343.305(3)](a).

Sec. 343.305(3)(ar)2.

¶7      Perez-Aldape argued that the results of the blood testing performed on his blood sample must be suppressed because the officer did not comply with WIS. STAT. § 343.305(4).  That statute provides:

> At the time that a chemical test specimen is requested under [WIS. STAT. § 343.305](3)(a), (am), or (ar),[3] the law enforcement officer shall read the following to the person from whom the test specimen is requested:
>
>    "You have either been arrested for an offense that involves driving or operating a motor vehicle while under the influence of alcohol or drugs, or both, or you are the operator of a vehicle that was involved in an accident that caused the death of, great bodily harm to, or substantial bodily harm to a person,[4] or you are suspected of driving

---

[2] 2025 Wis. Act 195, § 18, enacted on April 3, 2026, repealed WIS. STAT. § 343.305(3)(ar).

[3] 2025 Wis. Act 195, § 20 struck "or (ar)" from this provision, as WIS. STAT. § 343.305(3)(ar) was repealed.

[4] 2025 Wis. Act 195, § 20 struck "or you are the operator of a vehicle that was involved in an accident that caused the death of, great bodily harm to, or substantial bodily harm to a person" from the text, among other revisions.

or being on duty time with respect to a commercial motor vehicle after consuming an intoxicating beverage.

This law enforcement agency now wants to test one or more samples of your breath, blood or urine to determine the concentration of alcohol or drugs in your system. If any test shows more alcohol in your system than the law permits while driving, your operating privilege will be suspended. If you refuse to take any test that this agency requests, your operating privilege will be revoked and you will be subject to other penalties. The test results or the fact that you refused testing can be used against you in court.

If you take all the requested tests, you may choose to take further tests. You may take the alternative test that this law enforcement agency provides free of charge. You also may have a test conducted by a qualified person of your choice at your expense. You, however, will have to make your own arrangements for that test."

Sec. 343.305(4).

¶8 The State argued that *State v. Blackman*, 2017 WI 77, 377 Wis. 2d 339, 898 N.W.2d 774, controlled. It argued that the officer relied on *Blackman* and did not read the informing-the-accused language in WIS. STAT. § 343.305(4) because the officer did not have probable cause for the search and would have been misinforming Perez-Aldape if he had read the language.

¶9 In *Blackman*, the defendant was involved in a motor vehicle accident that resulted in serious injuries. 377 Wis. 2d 339, ¶¶10-11. The responding officer did not suspect the defendant of being under the influence yet requested a blood draw pursuant to WIS. STAT. § 343.305(3)(ar)2. *Id.*, ¶¶15, 30. The officer read the informing-the-accused language in § 343.305(4), informing the defendant that his operating privileges would be revoked if he refused the blood draw. *Id.*, ¶17. The defendant moved to suppress the blood test evidence, and the supreme court held that under the circumstances, the defendant's refusal to submit to a blood test could not result in a revocation of his operating privileges.

*Id.*, ¶19.   The court reasoned that the information in the informing-the-accused language was inaccurate because the defendant was not suspected of a drunk-driving offense.  *Id.*, ¶¶5, 64, 66.   The court held that the misrepresentation of the consequences of a refusal rendered his consent coerced; his consent was not freely and voluntarily given under the Fourth Amendment.  *Id.*, ¶66.

¶10     Here, the circuit court decided that the officer requested the sample without informing Perez-Aldape of his rights under WIS. STAT. § 343.305(4), and therefore Perez-Aldape did not provide consent freely, voluntarily, knowingly, and intelligently.   It reasoned that in light of ***Blackman***, the officer should have read the language and adapted it to the circumstance, such that he should have informed Perez-Aldape, "[i]f you refuse to take any tests that this agency requests, you may be arrested" in the place of the language that states that a consequence of refusal is, "your operating privileges will be revoked, and you will be subject to other penalties[.]"   Thus, the court granted the motion to suppress because, without having been read the informing-the-accused language, Perez-Aldape did not provide consent freely, voluntarily, knowingly, and intelligently.   The State appeals.

## DISCUSSION

¶11     When reviewing a decision on a motion to suppress evidence, an appellate court upholds the circuit court's factual findings unless they are clearly erroneous, but it independently applies constitutional principles to the facts. ***State v. Sykes***, 2005 WI 48, ¶12, 279 Wis. 2d 742, 695 N.W.2d 277.   An appellate court independently interprets and applies a statute.   ***State v. Houghton***, 2015 WI 79, ¶18, 364 Wis. 2d 234, 868 N.W.2d 143.

5

¶12    The parties' appellate briefs reiterate their respective positions in their briefs before the circuit court. The State argues that **Blackman** controls such that the officer did not read the informing-the-accused language because it would have misrepresented the consequences to Perez-Aldape for refusing the request for a blood sample. Perez-Aldape argues that the results of the blood testing performed on his blood sample must be suppressed because the officer did not comply with WIS. STAT. § 343.305(4).

¶13    The supreme court in **Blackman** did not find any part of WIS. STAT. § 343.305 unconstitutional. The statute was in effect when the officer requested the blood sample from Perez-Aldape. The officer testified that he requested a blood sample from Perez-Aldape relying on § 343.305(3)(ar)2. as the basis for the request. Under that statute, "an officer may request a blood draw without having a scintilla of a suspicion that the driver is intoxicated. The officer need have reason to believe only that a driver violated a state or local traffic law and was in an accident that caused great bodily harm." **Blackman**, 377 Wis. 2d 339, ¶34.

¶14    In **Blackman**, the supreme court said that the informing-the-accused language in WIS. STAT. § 343.305(4) does not comport with § 343.305(3)(ar)2. "Th[at] statute states only that if a driver refuses to take any test under § 343.305(3)(ar)2. the driver may be arrested," whereas the informing-the-accused language states that refusal means "the driver's 'operating privilege *will* be revoked' and the driver '*will* be subject to other penalties.'" **Blackman**, 377 Wis. 2d 339, ¶38. Thus, the **Blackman** court stated that "[t]he proper advice" would have been to adapt the informing-the-accused language to the circumstances at hand. ***Id.***

¶15    WISCONSIN STAT. § 343.305(4) clearly states, "[a]t the time that a chemical test specimen is requested under [§ 343.305](3)(a), (am), or (ar), the law enforcement officer shall read the following[.]"  The officer requested a blood sample under § 343.305(3)(ar).  The language in § 343.305(4) is unequivocal, such that any request for a blood sample under § 343.305(3)(ar) requires that the informing-the-accused language be read, and under ***Blackman***, the consequences for refusing the blood sample should have been tailored to the circumstances of the case for precision in language, such that Perez-Aldape "may be arrested" for refusing to give a blood sample.

¶16    We conclude that the circuit court's findings were not clearly erroneous.  We further conclude that the officer failed to follow the requirement to read the informing-the-accused language in WIS. STAT. § 343.305(4), as interpreted in ***Blackman***.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.